# United States District Court
## For The District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAR 8 AM 11 00

STEPHAN HARRIS, CLERK
CASPER

UNITED STATES OF AMERICA,

vs.

JOSHUA MICHAEL BECKSTEAD

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBERS: **12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S**

James H. Barrett
Defendant's Attorney

**THE DEFENDANT:** *pled guilty to counts 1 & 2 of the Indictment in 12cr165-S and to Count 1 of the Indictment in each of the remaining cases, 12cr262-S; 12cr263-S and 12cr280-S.*

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offenses:

| Case number, Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 12cr165-S, 18 USC 2113(a) | Bank Robbery | 6/15/2012 | 1 |
| 12cr165-S, 18 USC 2113(a) | Bank Robbery | 6/19/2012 | 2 |
| 12cr262-S, 18 USC 2113(a) | Credit Union Robbery | 06/26/2012 | 1 |
| 12cr263-S, 18 USC 2113(a) | Credit Union Robbery | 05/15/2012 | 1 |
| 12cr280-S, 18 USC 2113(a) | Bank Robbery | 6/9/2012 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 3 of the Indictment in case number 12cr165-S is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **11698-059**

March 7, 2013
Date of Imposition of Sentence

*/s/ Scott W. Skavdahl*
Scott W. Skavdahl
United States District Judge

3/8/13
Date

DEFENDANT: **JOSHUA MICHAEL BECKSTEAD**  
CASE NUMBER: 12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S

Page 2 of 8

**JUDGMENT AND COMMITMENT**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 112 months, concurrent on all counts.

The Court makes the following recommendations to the Bureau of Prisons:

that the defendant be placed in a facility in Oregon that offers the Residential Drug Treatment Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____  
United States Marshal

By: _____  
Deputy Marshal

| | |
|---|---|
| DEFENDANT: **JOSHUA MICHAEL BECKSTEAD**<br>CASE NUMBER: 12cr0165-S; 12cr0262-S; 12cr0263-S and<br>12cr0280-S | Page 3 of 8<br>**JUDGMENT AND<br>COMMITMENT** |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**, concurrent on all counts.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the U.S. Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court. If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall participate in and successfully complete a substance abuse treatment program approved by the U.S. Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the U.S. Probation Officer.

The defendant shall submit to drug and alcohol testing as directed by the U.S. Probation Officer and shall comply with specific copays imposed pursuant to district policy for failing to comply with drug testing.

DEFENDANT: **JOSHUA MICHAEL BECKSTEAD**
CASE NUMBER: 12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S

Page 4 of 8

**JUDGMENT AND COMMITMENT**

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. He shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

As a component of the defendant's treatment and testing program, the defendant shall pay a one-time fee of Two Hundred Fifty Dollars ($250.00) to partially defray the costs of treatment and/or drug testing. Monetary payments made by the defendant shall be applied to this fee only after all other court-ordered monetary obligations have been fulfilled. Payment of the fee shall be made by money order or cashier's check to the Clerk of District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, utilizing the payment coupon provided by the U.S. Probation Office. *This co-pay is waived in the event the defendant is supervised by a district other than Wyoming*.

The defendant shall refrain from any use of possession of alcohol and/or other intoxicants including over the counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the U.S. Probation Officer. Additionally, the defendant shall not enter establishments whose primary income is derived from the sale of alcohol.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall resolve any outstanding warrants within six (6) months of his release from imprisonment.

DEFENDANT: JOSHUA MICHAEL BECKSTEAD

CASE NUMBER: 12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S

Page 5 of 8

JUDGMENT AND COMMITMENT

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSHUA MICHAEL BECKSTEAD

CASE NUMBER: 12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S

Page 6 of 8

JUDGMENT AND COMMITMENT

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
| --- | --- | --- | --- |
| 1 in 12cr165-S | $100.00 | $2,836.00 | $0.00 |
| 2 in 12cr165-S | $100.00 | $3,350.00 | $0.00 |
| 1 in 12cr262-S | $100.00 | $3,067.00 | $0.00 |
| 1 in 12cr263-S | $100.00 | $991.00 | $0.00 |
| 1 in 12cr280-S | $100.00 | $3,789.00 | $0.00 |
| **Totals:** | $500.00 | $14,033.00 | $0.00 |

DEFENDANT: JOSHUA MICHAEL BECKSTEAD

CASE NUMBER: 12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S

Page 7 of 8

JUDGMENT AND COMMITMENT

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Office of the Clerk<br>United States District Court<br>2120 Capitol Avenue<br>2nd Floor, Room 2131<br>Cheyenne, WY 82001 | $14,033.00 |

DEFENDANT: JOSHUA MICHAEL BECKSTEAD

CASE NUMBER: 12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S

Page 8 of 8

JUDGMENT AND COMMITMENT

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> In full immediately. Any monetary balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid commencing 60 days following release from confinement, in monthly installments of not less than $25, or 10% of his gross monthly income, whichever is greater; and all payments shall be completed no later than sixty (60) days prior to the end of the term of supervised release.

Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 12cr0165-S; 12cr0262-S; 12cr0263-S and 12cr0280-S.